**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marion Gwinn,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Safeguard Recovery LLC, Eckity Capital Markets, LLC,<br><br>　　　　　　　Defendants. | No. CV14-1923 PHX DGC<br><br>**ORDER** |

This case is a civil action brought under the Fair Debt Collections Practices Act ("FDCPA"). Doc. 1 (citing 15 U.S.C. § 1692 *et seq.*). Plaintiff filed the complaint on August 29, 2014. *Id*. Defendants have not answered or otherwise responded to the complaint. On October 6, 2014, the Clerk entered default as to Defendants. Doc. 10. Plaintiff filed a motion for default judgment on March 13, 2015. Doc. 13. No response to the motion has been filed. The Court finds Plaintiff's motion has merit, but further evidence is required on the issue of damages.

Once a party's default has been entered, the district court has discretion to grant default judgment against that party. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors the court may consider in deciding whether to grant default judgment include (1) the possibility of prejudice to the plaintiff, (2) the merits of the claim, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was

due to excusable neglect, and (7) the policy favoring a decision on the merits. *See Eitel v.McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

The Court finds that these factors most likely weigh in favor of a default judgment, but that further evidence is needed on the issue of damages. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). For Plaintiff's claims, his allegations are taken as true. But for his damages, more evidence is necessary. "In determining damages, a court can rely on the declarations submitted by the plaintiff or order a full evidentiary hearing." *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). "A default judgment may be entered without a hearing on damages when the amount claimed is capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Taylor Made Golf Co. v. Carsten Sports, Ltd.*, 175 F.R.D. 658, 661 (S.D. Cal. 1997).

Plaintiff claims under the FDCPA actual damages of $500 and statutory damages of $1,000. *See* 15 U.S.C. § 1692k(a). Plaintiff does not explain the basis of his actual damages, and the Court will therefore require Plaintiff to submit an affidavit that so explains. Statutory damages of no more than $1,000 may be awarded under the FDCPA and do not require a finding of actual damages. *Id.* § 1692k(a)(2)(A). In assessing the appropriate amount of statutory damages, the Court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." *Id.* § 1692k(b)(1). The Court finds that an affidavit from Plaintiff or Plaintiff's attorney addressing these factors is necessary.

Plaintiff also requests attorney's fees. Under the FDCPA, a successful plaintiff is entitled to collect "the costs of the action, together with a reasonable attorney's fee as determined by the court." *Id.* § 1692k(a)(3). Plaintiff's attorney may submit, along with the other affidavits, a listing of the costs of the action and his attorney's fees. Plaintiff's

1 attorney must also explain why the requested attorney's fees are reasonable.

2 **IT IS ORDERED** that Plaintiff and Plaintiff's attorney shall submit affidavits addressing: (1) The basis for Plaintiff's actual damages; (2) the factors for awarding statutory damages under 15 U.S.C. § 1692k(b)(1); and (3) the costs of this action, Plaintiff's attorney's fees, and an explanation of why the attorney's fees are reasonable on or before **May 15. 2015**.

Dated this 1st day of May, 2015.

*David G. Campbell*
David G. Campbell
United States District Judge