**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marion Gwinn, | No. CV14-1923 PHX DGC |
| Plaintiff, | **ORDER AND DEFAULT JUDGMENT** |
| v. | |
| Safeguard Recovery LLC, Eckity Capital Markets, LLC, | |
| Defendants. | |

This case is a civil action brought under the Fair Debt Collections Practices Act ("FDCPA").  Doc. 1 (citing 15 U.S.C. § 1692 *et seq.*).  Plaintiff filed his complaint on August 29, 2014.  The substance of his claim is that Defendants sent him a letter trying to collect a debt that had already been settled.  Defendants have not answered or otherwise responded to the complaint.  On October 6, 2014, the Clerk entered default.  Doc. 10.  On March 13, 2015, Plaintiff filed a motion for default judgment against Defendants Safeguard Recovery LLC and Eckity Capital Markets, LLC.  Doc. 13.  The Court ordered Plaintiff and Plaintiff's attorney to file affidavits in support of the claimed damages and attorney's fees.  Doc. 14.  Having received the affidavits, the Court will grant Plaintiff's motion.

## I.    The Motion for Default Judgment.

Once a party's default has been entered, the district court has discretion to grant default judgment against that party.  *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616

F.2d 1089, 1092 (9th Cir. 1980).  Factors the court may consider in deciding whether to grant default judgment include (1) the possibility of prejudice to the plaintiff, (2) the merits of the claim, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits.  *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

## A.    Possible Prejudice to Plaintiff.

The first *Eitel* factor weighs in favor of granting Plaintiff's motion.  Plaintiff served process on Defendants on September 3, 2014 and September 8, 2014.  Docs. 6, 7.  Defendants have not answered the complaint or otherwise appeared in this action.  If Plaintiff's motion for default judgment is not granted, Plaintiff "will likely be without other recourse for recovery."  *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

## B.    The Merits of Plaintiff's Claims and the Sufficiency of the Complaint.

The second and third *Eitel* factors favor a default judgment where the complaint sufficiently states a claim for relief.  *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978).  A review of Plaintiff's complaint shows that Plaintiff has stated valid claims against Defendants.  *See* Doc. 1 at 2-4.  Plaintiff alleges that he was indebted to Bank of America and that he and Bank of America settled the debt.  After this settlement, Defendant Safeguard Recovery, LLC, on behalf of Defendant Eckity Capital Markets, LLC, sent Plaintiff a letter attempting to collect this same debt.  An attempt by Defendants to collect a debt that had already been paid off or settled is a violation of the Fair Debt Collection Practices Act.  *See* 15 U.S.C. § 1692e(2) (a debt collector may not misrepresent "the character, amount, or legal status of any debt"); *id.* § 1692f(1) (a debt collector may not collect an amount "unless such amount is expressly authorized by the agreement creating the debt or permitted by law").

**C.     The Amount of Money at Stake.**

Under the fourth *Eitel* factor, the court considers the amount of money at stake in relation to the seriousness of the defendants' conduct.  *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1176.  Plaintiff seeks a total of $1,500 in damages, as well as attorney's fees and costs in the amount of $2,110.  Doc. 13 at 2.  These relatively small amounts – although adjusted somewhat by the Court below – are proportional to the violation alleged and the effort invested by Plaintiffs' counsel in this case.

**D.     Possible Dispute Concerning Material Facts.**

Given the sufficiency of the complaint and Defendant's default, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion."  *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *see Geddes*, 559 F.2d at 560.

**E.     Whether Default Was Due to Excusable Neglect.**

Defendants appear to have been properly served with the summons and complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure.  Docs. 6, 7.  It is therefore "unlikely that [Defendants'] failure to answer and the resulting default was the result of excusable neglect."  *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008).

**F.     The Policy Favoring a Decision on the Merits.**

"Cases should be decided upon their merits whenever reasonably possible."  *Eitel*, 782 F.2d at 1472.  But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive."  *PepsiCo, Inc.*, 238 F. Supp. at 1177 (citation omitted).  Moreover, Defendants' failure to answer or otherwise respond to the complaint "makes a decision on the merits impractical, if not impossible."  *Id.*

**G.     Damages.**

"A default judgment may be entered without a hearing on damages when the amount claimed is capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits."  *Taylor Made Golf Co. v. Carsten Sports, Ltd.*, 175 F.R.D. 658, 661 (S.D. Cal. 1997).  Plaintiff requests actual damages of

$500 and prejudgment interest thereon.  In an affidavit, Plaintiff states that receiving Defendants' debt-collection letter was upsetting and caused him to lose sleep and suffer anxiety.  Doc. 15-1.  Although district courts in this circuit are split on the issue, the Court concludes that a Plaintiff may recover damages for emotional distress under the FDCPA.  The Court finds the reasoning in *Riley v. Giguiere*, 631 F. Supp. 2d 1295, 1314 (E.D. Cal. 2009), to be persuasive.  *See also Healey v. Trans Union LLC*, No. C09-0956JLR, 2011 WL 1900149, at *11 (W.D. Wash. May 18, 2011) ("The court is persuaded by the *Riley* court's analysis, and, like *Riley*, holds that 'actual damages' under the FDCPA includes emotional distress damages.").  Given the relatively isolated instance of emotional distress in this case, $500 in damages is appropriate.

The FDCPA does not explicitly allow for prejudgment interest on actual damages. Courts may, however, "allow prejudgment interest even though the governing statute is silent." *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1550 (9th Cir. 1989). "Whether [prejudgment] interest will be awarded is a question of fairness, lying within the court's sound discretion, to be answered by balancing the equities." *Wessel v. Buhler*, 437 F.2d 279, 284 (9th Cir. 1971).  Plaintiff has not explained why he is entitled to prejudgment interest.  Because Defendants' violation of the FDCPA was relatively minor and Plaintiff will receive an award of statutory damages, prejudgment interest is unnecessary here.

Plaintiff also requests statutory damages of $1,000.  The FDCPA permits "such additional damages as the court may allow, but not exceeding $1,000."  15 U.S.C. §1692k(a)(2)(A).  In deciding the appropriate amount of statutory damages, the Court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." *Id.*, § 1692k(b)(1).  The Court finds an award of $500 to be appropriate. Plaintiff's complaint alleges only one violation of the FDCPA, namely, the sending of a letter to collect a debt that had already been settled.  This is not an egregious violation of the FDCPA and there is no evidence that it was intentional.  The only factor weighing in

favor of statutory damages is the frequency of noncompliance by Defendants.  Plaintiff has pointed to several previous judgments against Defendants for violations of the FDCPA.  This history of noncompliance supports an award of $500.  Finally, Plaintiff emphasizes that Congress has not updated the cap on statutory damages and therefore maximum damages are necessary to deter misconduct in today's marketplace.  While this may be true, the Court must abide by the statute as written.

Finally, Plaintiff requests compensation for his attorney's fees and costs.  Under the FDCPA, the Court may award a successful Plaintiff "the costs of the action, together with a reasonable attorney's fee as determined by the Court."  15 U.S.C. § 1692k(a)(3).  Having reviewed the submitted documents, the Court finds the requested attorney's fees of $1,650 and costs of $460 to be reasonable.

**IT IS ORDERED:**

1. Plaintiff's motion for default judgment (Doc. 13) is **granted**.

2. Default judgment is entered in favor of Plaintiff and against Defendants Safeguard Recovery, LLC and Eckity Capital Markets, LLC in the amount of $1,000.

3. Plaintiff's request for attorney's fees and costs is **granted** in the amount of $2,110.

4. The Clerk is directed to terminate this action and enter judgment accordingly.

Dated this 15th day of June, 2015.

David G. Campbell
United States District Judge